The opinion of the court was delivered by
Til&hman, C. J.
This is an indictment for a nuisance, in obstructing a highway in the county of Mifflin, by running a fence *346 across it. The jury found, that no notice had been given to the defendant by the supervisors of the township, to remove the nuisance, or repair the damage, and submitted to the court, whether, under these circumstances, he was guilty, or not. His counsel contend, that he is not guilty, and rely on the 15th section of the act of 6th of Jipril, 1802; (3 Sm. L. 512,) by which it is enacted, that if any person shall obstruct any highway, or commit any nuisance thereon, “ by felling trees, making fences, or turning the road, or by any other way, whereby the road or highway may suffer damage, and do not, on notice given by the supervisor of the proper township, remove the nuisance, or repair the damage forthwith, he shall, for every such offence, be fined in a sum not exceeding 40 dollars, nor less than 10 dollars, as the ease may require, to be recovered before one of the nearest justices of the peace of the proper county,” &c. And by the act of 28th of March, 1808, (4 Sm. L. 531,) the several Courts of Quarter Session, are vested with concurrent jurisdiction with the justices of the peace.
The obstruction of a highway is an offence at common law, which the act of Jipril, 1802, did not extinguish, but inflicted an additional punishment, for a distinct offence, viz: for not removing the nuisance on notice from the supervisors. The erection of a fence, is one thing, and the not removing it, on notice, another. And it was for the punishment of the latter, that the act of assembly was made. But it is inconceivable, that it was intended to do away the offence of a nuisance, in all cases where the offender had not neglected to remove it, on notice; because'inconvenience might be experienced, from the running of fences, or falling of trees across a road, before the supervisors came to the knowledge of it, and in such cases, the offenders ought not to escape punishment, although they removed the nuisance on notice from the supervisors. It is the opinion of the court, that the offence at common law remains, and the punishment inflicted by the act of assembly is cumulative, or rather, it is a punishment for a different offence.
The judgment of the Court of Quarter Sessions is affirmed.